UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HILLARD ELAM, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 2:15-CV-287-WCL-JEM |
| | ) |
| DR. ANDREW LIAW, *et. al.*, | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Dr. Andrew Liaw's Motion for Preliminary Determination of Law and Motion to Compel Plaintiff's Discovery Responses [DE 15], filed by Defendant Dr. Andrew Liaw on February 22, 2016. Plaintiff has not responded to the instant Motion and the time to do so has passed.

**I.**    **Background**

On July 15, 2015, Plaintiff filed identical complaints against Defendants in Laporte County Circuit Court and with the Indiana Department of Insurance raising assorted claims of deliberate indifference pursuant to 42 U.S.C. § 1983 and the Indiana Medical Malpractice Act. On July 29, 2015, the Laporte County Complaint was removed to the United States District Court for the Northern District of Indiana. *See* 28 U.S.C. §§ 1441(a) and 1446. On November 20, 2015, the instant case was stayed pending resolution of Plaintiff's complaint before the Indiana Department of Insurance.

**II.**    **Analysis**

In the instant Motion, Defendant Liaw represents that Plaintiff has failed to answer or otherwise respond to the interrogatories that Defendant Liaw served on Plaintiff on October 27, 2015, in the pending action before the Indiana Department of Insurance. Defendant Liaw further represents that Plaintiff ignored two reminders that his responses to the interrogatories were due.

Defendant Liaw requests that the Court compel Plaintiff to answer the interrogatories.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party objecting to the discovery request bears the burden of "show[ing] why [that] particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to move the court for an order compelling disclosure or discovery. A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). Similarly, the Indiana Medical Malpractice Act provides that "[a] court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may . . . compel discovery" in accordance with the Indiana Rules of Trial Procedure. Ind. Code § 34-18-11-2 (2015); *see also Castillo v. Ruggiero*, 562 N.E. 2d 446, 452 (Ind. Ct. App. 1990) (holding that an Indiana trial court did not abuse its discretion when it ordered a party to respond to interrogatories under the Indiana Medical Malpractice Act in a case proceeding before the Indiana Department of Insurance).

Local Rule 37 provides that a party "filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected

2

parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. Although no separate Rule 37-1 certification was filed contemporaneously with the instant Motion, Defendant Liaw attached as exhibits two letters sent by counsel for Defendant Liaw to counsel for Plaintiff regarding the outstanding discovery responses. In the second letter, dated January 28, 2016, counsel for Defendant Liaw stated that he was attempting to resolve the ongoing discovery dispute, but would be forced to file a motion to compel if Plaintiff did not answer or otherwise respond to Defendant Liaw's interrogatories. The Court finds that the two letters effectively comply with the purpose of Local Rule 37-1 to resolve the discovery dispute without the Court's intervention and accordingly, the Court declines to deny the instant Motion solely for the lack of a separate Rule 37 certification.

Although this case was stayed pending resolution of Plaintiff's action before the Indiana Department of Insurance, this Court retains jurisdiction over the parties and subject matter pending before the Indiana Department of Insurance pursuant to Defendants' removal and has the authority to compel discovery under the Indiana Medical Malpractice Act in accordance with the Indiana Rules of Trial Procedure. *See* Ind. Tr. P. R. 37(A)(2) and (4) (permitting a party to file a motion to compel when the opposing fails to answer an interrogatory and allowing for a trial court to grant such motions and award attorney fees to the prevailing party, if necessary). Defendant Liaw alleges that he served Plaintiff with interrogatories in the pending insurance claim on October 27, 2015, and sent Plaintiff subsequent reminders, but Plaintiff did not answer. Since Plaintiff has failed to respond to this assertion, the Court concludes that Plaintiff has not satisfied his burden of showing "why [this] particular discovery request is improper" and that granting Defendant Liaw's request for an order compelling Plaintiff's answers to his interrogatories is appropriate under Federal Rule of Civil Procedure 37(a)(1) and the Indiana Trial Procedure Rule 37(A)(2). *See McGrath,* 625 F. Supp. 2d

3

at 670.

Accordingly, the Court hereby **GRANTS** Defendant Dr. Andrew Liaw's Motion for Preliminary Determination of Law and Motion to Compel Plaintiff's Discovery Responses [DE 15], and **ORDERS** Plaintiff Hillard Elam to serve on Defendant Andrew Liaw, on or before **April 19, 2016**, his full responses to Defendants Andrew Liaw's first set of interrogatories.

Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Ind. Tr. P. R. 37(A)(4) (same). Accordingly, if Defendant Andrew Liaw is seeking attorney's fees or costs, he may **FILE**, on or before **April 13, 2015**, an itemization of its costs and fees, including attorney's fees, incurred in making the motion to compel, with Plaintiff Hillard Elam to **FILE** a response with the Court to Defendant Liaw's request for reasonable expenses incurred in making the instant Motion on or before **April 27, 2016**.

This matter remains **STAYED** pending an opinion from the Indiana medical review panel. The parties are **REMINDED** that they must file a status report with this Court on or before **December 1, 2016**, informing the Court of the status of the medical review panel opinion.

SO ORDERED this 6th day of April, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record