UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HILLARD ELAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF INDIANA, *et al.*, )<br>    Defendant. ) | CAUSE NO.: 2:15-CV-287-RL-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Amend Complaint [DE 66], filed by Plaintiff on March 12, 2018. Defendants Corizon, Inc., Dr. Michael Mitcheff, Debra Goff-Ellis, Dr. Andrew Liaw, Diamond Campbell, and Debbie Reeger filed a response on March 22, 2018. Plaintiff filed no reply, and the time to do so has passed.

**I.    Background**

July 15, 2015, Plaintiff filed his initial Complaint in state court , asserting claims of failure to provide medical care and/or medical malpractice resulting in violations of Plaintiff's civil rights while he was incarcerated. The case was removed to this Court on July 29, 2015, and on November 20, 2016, this Court stayed the case pending the outcome of a related proceeding before the medical review panel of the Indiana Department of Insurance. On September 1, 2017, being advised that the review panel had issued its opinion, the Court lifted the stay. At a subsequent scheduling hearing, the Court set various deadlines. On December 8, 2017, with leave of this Court, Plaintiff filed a Revised Complaint for Damages correcting the name of one of the defendants. The parties filed answers to the amended complaint on December 12, 2017, February 2, 2018, and February 21, 2018. Plaintiff filed the instant Motion on March 12, 2018, which was the deadline for submitting motions to amend the pleadings. Discovery is ongoing and no dispositive motions have been filed.

## II. Analysis

Plaintiff seeks to join two new defendants, Barbara Brubaker, NP/APN, and Katherine Hutchinson, LPN, and to add Count V, a claim based in contract law.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for

permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Plaintiff asserts that the proposed defendants provided medical services at issue in his Complaint, that his claims against them arise out of the same occurrences as underline his initial Complaint, and that without their participation he may not be afforded full relief from the other defendants. Defendants object to Plaintiff's delay in filing his proposed Amendment, noting that he has had access to his own medical records for over two years and could have added the proposed defendants at an earlier point in the litigation. It is true that the instant Motion was filed more than six months after the stay was lifted; however, it was made within the deadline for motions to amend the pleadings and is therefore timely. Other amendment factors also weigh in Plaintiff's favor. There is no appearance of bad faith or dilatory motive on Plaintiff's behalf, and Plaintiff has only once before amended his complaint, solely to correct the erroneous spelling of a defendant's name.

Defendants also argue that one of the proposed Defendants, Ms. Brubaker, cannot be joined to this action because she is a "qualified healthcare provider" legally entitled to the protections of the Indiana Medical Malpractice Act. That Act provides that "an action against a health care provider may not be commenced in a court in Indiana before . . . the claimant's proposed complaint has been presented to a medical review panel [and] an opinion is given by the panel." I.C. § 34-18-8-4. Defendants represent that Ms. Brubaker was not part of the medical review panel

3

proceeding that has already occurred related to this case. They contend, therefore, that any malpractice-related charges against her would not survive a motion to dismiss, and she could then only be sued under the federal claims. In addition, Defendants note that the medical review panel found that the other medical-provider defendants did not breach the standard of care; they assert that it would be unfair for Plaintiff to assert his claims against new defendants now. Defendants are correct that any claim against Ms. Brubaker sounding in state medical malpractice law would be futile. However, in addition to asserting medical malpractice, Plaintiff has brought claims of federal civil rights violations; he should be afforded an opportunity to proceed on those claims, even against Ms. Brubaker. Therefore, he will be permitted to add both Ms. Hutchinson and Ms. Brubaker as party defendants, but cannot seek or obtain relief from Ms. Brubaker under the Indiana Medical Malpratice Act.

Plaintiff also seeks to add Count V, breach of a contract between the Indiana Department of Corrections and Corizon Health, Inc., under a third-party beneficiary theory. Defendant does not set forth any argument against this addition.

Finally, Defendants object to the "other unidentified health care workers" inserted as placeholder defendants in both the existing complaint and in Plaintiff's proposed Second Amended Complaint. Defendants, citing *Wudtke v. Davel,* contend that including a list of anonymous defendants in federal court is "pointless." 128 F.3d 1057, 1060 (7th Cir. 1997). They further argue that there is no reason why any potential defendants have not been identified by now. Additionally, Plaintiff would need to file another motion to amend the complaint to name those providers, and the deadline to do so has passed. Therefore, Plaintiff is directed to remove "other unidentified health care workers" from the list of defendants in his Second Amended Complaint.

**III.    Conclusion**

Because allowing Plaintiff to file the proposed amended complaint would be futile as to any malpractice claims asserted against proposed Defendant Barbara Brubaker, but not as to the rest of the Complaint, the Court **GRANTS in part and DENIES in part** the Motion for Leave to Amend Complaint [DE 20]. Plaintiff shall have up to and including **July 13, 2018**, within which to **FILE** his Second Amended Complaint that (1) names the two new proposed defendants, Ms. Brubaker and Ms. Hutchison, but does not assert any claim for any relief against Ms. Brubaker that would be foreclosed under the Indiana Medical Malpractice Act; (2) adds the new proposed Count V, based in contract law; and (3) omits "other unidentified healthcare workers" from the caption.

SO ORDERED this 6th day of July, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

5